IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| HUDELL SPARKMAN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CASE NO. 1:12-0139 |
| | ) CHIEF JUDGE HAYNES |
| WARDEN JOE EASTERLING, | ) |
| | ) |
| Respondent. | ) |

# O R D E R

Petitioner, Hudell Sparkman, a state prisoner, at the Hardeman County Correctional Facility ("HCCF") in Whiteville, Tennessee, filed this action under 28 U.S.C. § 2254. Petitioner also filed an application to proceed *in forma pauperis* (Docket Entry No. 2).

The fee for filing a habeas petition in federal district court under § 2254 is $5.00. In Petitioner's affidavit in support of his application to proceed as a pauper, the custodian of Petitioner's prison trust account, Christine Smith, attests that, as of the date of his application, Petitioner had the sum of $40.12 on account to his credit at HCCF. However, Smith also certifies that the average monthly deposit to the trust fund account for the sixth months preceding the filing of the affidavit was $5.00, and that the average monthly balance in Petitioner's trust fund account for the six-month period immediately preceding the filing of the affidavit was $4.60. On the basis of this information, the Court finds that Petitioner should be granted leave the proceed as a pauper. The application (Docket Entry No. 2) is therefore **GRANTED**.

A review of the petition reveals that Petitioner's post-conviction appeal remains pending before the Tennessee Court of Criminal Appeals. Petitioner seeks a stay and abeyance of his

federal habeas proceedings pending the outcome of the state post-conviction proceedings. Petitioner appears to challenge a Tennessee Court of Criminal Appeals Order denying *pro se* pleadings filed by Petitioner in that court. *Sparkman v. State*, No. M2012-00892-CCA-R3-PC (Tenn. Ct. Crim. App. Oct. 3, 2012). In its Order, the Tennessee appellate court noted Petitioner's representation by counsel and under its rule an appellant may not be represented by counsel in this Court and simultaneously proceed *pro se*." *Id.*

Here, state prisoners must "fairly present" their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1)(A) and (c); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). The exhaustion requirement is satisfied if a prisoner invokes "one complete round of the state's established appellate review process." *O'Sullivan*, 526 U.S. at 845. Absent unusual or exceptional circumstances, courts must dismiss habeas petitions containing claims that have not been fairly presented to the state court. *Rose v. Lundy*, 455 U.S. 509, 510, 522 (1982); *O'Guinn v. Dutton*, 88 F.3d 1409, 1412–13 (6th Cir. 1996).

Petitioner's claims are not exhausted. The Court concludes that a stay is unnecessary at this time. Dismissal without prejudice will allow Petitioner to present his unexhausted claims in the state courts and fully exhaust his state remedies. With the dismissal without prejudice, Petitioner's motion for appointment of counsel is moot.

Accordingly, this action is **DISMISSED WITHOUT PREJUDICE** for lack of exhaustion of state remedies. Petitioner's motion for appointment of counsel is **DENIED AS MOOT**.

The Clerk is **DIRECTED** to serve a copy of the petition and this order on the respondent

and the Attorney General for the State of Tennessee. Rule 4, Rules Gov'g § 2254 Cases.

It is so **ORDERED**.

**ENTERED** this the _2nd_ day of _November_, 2012.

_____
WILLIAM J. HAYNES, JR.
Chief United States District Judge